UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

CIVIL ACTION NO. 4:16-CV-00068-JHM

ACUITY, A MUTUAL INSURANCE                                      PLAINTIFF
COMPANY

V.

JAMES DECKER AND                                                        DEFENDANTS
RYAN TRUCKING COMPANY, INC.

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Summary Judgment [DN 27]. Fully briefed, this matter is ripe for decision. For the following reasons, the Plaintiff's Motion is **DENIED**.

### I. BACKGROUND

While employed with Ryan Trucking, the Defendant, James Decker was involved in a "vehicle accident on December 10, 2013 with another driver, Harry K. Coultas of Lewisport, Kentucky." (Id. at ¶ 8.) Decker settled his claims against Coultas for the policy limits of Coultas' insurance policy, however, Decker claims his damages exceed that amount. Thus, Decker demanded payment under the uninsured and underinsured motorist coverage provisions of his insurance policy with Acuity. (Id. at ¶ 10.)

On June 8, 2017, Acuity filed this Complaint for Declaratory Relief under 28 U.S.C. § 2201, requesting that the Court find "Decker's claim pursuant to the Policy's [Underinsured Motorist] Coverage Form, is time barred because of Decker's failure to bring legal action against Acuity within two years of December 10, 2013." (Id. at ¶ 15.)

The accident at issue occurred on December 10, 2013. (Id. at ¶ 8.) With respect to the time period in which an insured may bring a claim against Acuity, the policy states:

> Any legal action against us under this Coverage Form must be brought within two years after the date of the *accident*. However, this paragraph c(2) does not apply to an *insured* if, within two years after the date of the *accident*, we and the *insured* agree to arbitration in accordance with this endorsement.

(Id. at ¶ 12.) Decker did not file legal action within two years of the date of the accident, however, he argues that the limitation period in unreasonable and unenforceable

## II. STANDARD OF REVIEW

Before the Court may grant a motion for summary judgment, it must find that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of specifying the basis for its motion and identifying that portion of the record that demonstrates the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Once the moving party satisfies this burden, the non-moving party thereafter must produce specific facts demonstrating a genuine issue of fact for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986).

Although the Court must review the evidence in the light most favorable to the non-moving party, the non-moving party must do more than merely show that there is some "metaphysical doubt as to the material facts." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Instead, the Federal Rules of Civil Procedure require the non-moving party to present specific facts showing that a genuine factual issue exists by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence . . . of a genuine dispute[.]" Fed. R. Civ. P. 56(c)(1). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." Anderson, 477 U.S. at 252.

### III. DISCUSSION

This Court has been presented this question before. Examining a limitations period provision similar to that found in the Acuity policy, this Court found the two year limitations period to be unreasonable and invalid because the Court believed "the Kentucky Supreme Court . . . would find it unreasonable to require an insured to sue her insurer for underinsured motorist benefits prior to being required to sue the tortfeasor." Brown v. State Auto, 189 F. Supp. 2d 665, 671 (W.D. Ky. 2001).

Fifteen years later, the Kentucky Supreme Court decided State Farm Mut. Auto. Ins. Co. v. Riggs, 484 S.W.3d 724, 727 (Ky. 2016). In Riggs, the limitations period provision is significantly different than that found here or in Brown. The provision in Riggs required the insured to file an underinsured motorist suit "no later than two (2) years after the injury, or death, or the last basic or added reparation payment made by any reparation obligor, whichever later occurs." 484 S.W.3d at 727. The policy provision in Riggs precisely mirrors the statute of limitations language in the Kentucky Motor Vehicle Reparations Act (KMVRA). KRS § 304.39-230(6). The Kentucky Supreme court found that a limitations "provision [which] provides an insured with 'the same rights as he would have had against an insured third party'—[is] a result that is not at all unreasonable." Id. (quoting Elkins, 844 S.W.2d at 425). Thus, this Court's prediction that the Kentucky Supreme Court would not require an insured to sue her insurer for UIM benefits before being required to sue the tortfeasor was proven correct.

Despite some language in Riggs to support the argument, the Court does not agree with Acuity that the Kentucky Supreme Court has conclusively determined that a two year limitations period is reasonable because the policy provision in that case was not a simple two year limitations period. The policy provision in Riggs provided the insured with the same rights as

against an insured party, a principle at the heart of the decison.  The policy provision here does not provide the insured with those same rights.  As in Brown, and based on Riggs, with an assist from Judge Reeves of the Eastern District of Kentucky, the Court concludes that  "the Supreme Court of Kentucky would conclude that a two-year limitations provision such as the one at issue in this case is unreasonable and unenforceable." Pratt, 2017 WL 2345648, at *4.

## IV. CONCLUSION

For the reasons set forth above, **IT IS HEREBY ORDERED** that Plaintiff's Motion for Summary Judgment is **DENIED.**

**cc**: counsel of record

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

August 28, 2017

4